UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                  Plaintiff,

        v.                                   9:21-CV-0942
                                                    (DNH/TWD)

BRAND, et al.,

                  Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

      This is an initial review of a complaint submitted by pro se plaintiff Jay Bradshaw ("Bradshaw" or "plaintiff") that asserts claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff has also filed an application to proceed in forma pauperis ("IFP") and a motion for preliminary injunctive relief. Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion"). Plaintiff, who is incarcerated at Upstate Correctional Facility ("Upstate C.F."), has not paid the filing fee for this action.

## II. **IFP STATUS**

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four hundred and two dollars ($402.00).[1]  The Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the plaintiff from proceeding IFP and without prepayment of the filing fee.[2]  More specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court must consider the sufficiency of the claims stated in the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

Upon review, Bradshaw has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  *See* Dkt. Nos. 2, 3.  Thus, the Court must determine whether the "three strikes" rule of Section 1915(g) bars plaintiff

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[2] The manifest intent of Congress in enacting Section 1915(g) was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007).  The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Tafari*, 473 F.3d at 442-43.

from proceeding with this action IFP.

### A. Determination of "Strikes"

Bradshaw is a frequent litigator, having commenced, in addition to this action, more than twenty previously filed civil actions in the district courts in the Second Circuit since 2008. *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited September 23, 2021). The following is a list of those actions: (1) *Bradshaw v. McQueen*, No. 08-CV-5518 (S.D.N.Y. filed June 18, 2008); (2) *Bradshaw v. Officer Banks*, No. 09-CV-0966 (S.D.N.Y. filed Feb. 4, 2009); (3) *Bradshaw v. Brown*, No. 13-CV-4308 (E.D.N.Y. filed July 31, 2013); (4) *Bradshaw v. The City of New York*, No. 15-CV-2166 (E.D.N.Y. filed Apr. 13, 2015); (5) *Bradshaw v. The City of New York*, No. 15-CV-4638 (S.D.N.Y. filed June 10, 2015); (6) *Bradshaw v. The City of New York*, No. 15-CV-5481 (S.D.N.Y. filed July 10, 2015); (7) *Bradshaw v. The City of New York*, No. 15-CV-7074 (S.D.N.Y. filed Sept. 8, 2015); (8) *Bradshaw v. The City of New York*, No. 15-CV-8252 (S.D.N.Y. filed Oct. 20, 2015); (9) *Bradshaw v. The City of New York*, No. 15-CV-9031 (S.D.N.Y. Nov. 17, 2015); (10) *Bradshaw v. The City of New York*, No. 17-CV-1199 (S.D.N.Y. filed Feb. 16, 2017); (11) *Bradshaw v. The City of New York*, No. 17-CV-1168 (E.D.N.Y. filed Feb. 27, 2017); (12) *Bradshaw v. The City of New York*, No. 18-CV-8215 (S.D.N.Y. filed Sept. 7, 2018) ("*Bradshaw v. The City of New York IX*"); (13) *Bradshaw v. Locke*, No. 19-CV-428 (N.D.N.Y. filed April 10, 2019) ("*Bradshaw v. Locke*"); (14) *Bradshaw v. Burns*, No. 19-CV-931 (N.D.N.Y. filed July 31, 2019) ("*Bradshaw v. Burns*"); (15) *Bradshaw v. Annucci*, No. 20-CV-6083 (W.D.N.Y. filed Feb. 6, 2020); (16) *Bradshaw v. Piccolo*, No. 20-CV-6106 (W.D.N.Y. Feb. 18, 2020); (17) *Bradshaw v. Piccolo*, No. 20-CV-6368 (W.D.N.Y. filed June 4,

2020); (18) *Bradshaw v. Annucci*, No. 20-CV-6548 (W.D.N.Y. Sept. 29, 2020); (19) *Bradshaw v. Piccolo*, No. 21-CV-6050 (W.D.N.Y. filed Jan. 19, 2021); (20) *Bradshaw v. Gordon*, No. 21-CV-0645 (N.D.N.Y. filed June 3, 2021) ("*Bradshaw v. Gordon*"); (21) *Bradshaw v. Uhler*, No. 21-CV-0776 (N.D.N.Y. filed July 8, 2021) ("*Bradshaw v. Uhler*"); (22) *Bradshaw v. Marshal*, No. 21-CV-0826 (N.D.N.Y. filed July 21, 2021) ("*Bradshaw v. Marshal*"); and (23) *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("*Bradshaw v. Annucci*").[3]

Upon review of these actions, and consistent with the determinations reached by the Honorable Brenda K. Sannes in *Bradshaw v. Locke* and *Bradshaw v. Burns*, by the Honorable Glenn T. Suddaby in *Bradshaw v. Gordon* and *Bradshaw v. Uhler*, and by the Honorable Mae A. D'Agostino in *Bradshaw v. Marshal*, this Court finds that, as of the date that plaintiff commenced this action, he had acquired at least four "strikes."[4]  As a result, plaintiff's IFP Application must be denied unless it appears that the "imminent danger" exception to the "three strikes" rule set forth in Section 1915(g) is applicable to this action.

### B. Applicability of the "Imminent Danger" Exception

The "imminent danger" exception protects a prison inmate exposed to potential serious physical injury from the consequences of his earlier mistakes in filing frivolous

---

[3]  *Bradshaw v. Locke, Bradshaw v. Burns*, *Bradshaw v. Gordon*, *Bradshaw v. Uhler*, *Bradshaw v. Marshal*, and *Bradshaw v. Annucci* are all currently pending in this District.

[4]  The actions in which plaintiff acquired strikes are as follows: (1) *Bradshaw v. McQueen*, No. 08-CV-5518, Dkt. No. 32 (S.D.N.Y. Feb. 11, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted); (2) *Bradshaw v. Brown*, No. 13-CV-4308, Dkt. No. 52 (E.D.N.Y. May 18, 2017) (Mandate dismissing appeal of dismissal order on grounds that it lacked "an arguable basis either in law or in fact"); (3) *Bradshaw v. The City of New York*, No. 15-CV-2166, Dkt. No. 58 (E.D.N.Y. Aug. 22, 2017) (dismissing complaint for failure to state a claim upon which relief may be granted); (4) *Bradshaw v. The City of New York*, No. 15-CV-2166, Dkt. No. 62 (E.D.N.Y. Nov. 16. 2018) (Mandate dismissing appeal on grounds that it lacked "an arguable basis either in law or in fact").  In *Bradshaw v. Locke*, Judge Sannes specifically discussed each of these four "strikes" in her initial Decision and Order entered on May 9, 2019.  *See id.*, Dkt. No. 8.

litigation. Generally speaking, the allegations relevant to this inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).

The Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Id*. at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007).

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [IFP] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.

Bradshaw alleges that various officials appeared at his cell to deliver or retrieve food

trays, mail, library materials, or communication devices on different occasions between May 7 and August 14, 2021, without wearing a face mask, in defiance of grievances he submitted regarding this conduct, and guidelines enacted by both the New York State Department of Corrections and Community Supervision and the Centers for Disease Control and Prevention in an effort to reduce the spread of COVID-19 (as well as in disregard of a risk to his health). Compl. at 1, 4-5. Plaintiff also alleges that he has been denied adequate cleaning and hygienic supplies. *Id*. at 4.

For purposes of analyzing the issue of imminent danger, this Court agrees with the finding made by other courts that "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200-01 (E.D.N.Y. 2020) (citing cases). With that said, the Court notes that plaintiff's complaint in *Bradshaw v. Annucci* makes clear that during the events giving rise to the claims in this case, plaintiff was confined in a special housing unit ("SHU") cell. *See Bradshaw v. Annucci*, Dkt. No. 1 at 24. SHU units "consist of single-occupancy cells grouped so as to provide separation from the general population[.]" *Hayes v. Dahkle*, No. 16-CV-1368, 2018 WL 7356343, at *2 n.3 (N.D.N.Y. Dec. 11, 2018), *report and recommendation adopted by* 2019 WL 689234 (N.D.N.Y. Feb. 19, 2019) (quoting N.Y. Comp. Codes R. & Regs. tit 7, § 300.2(b)).

Bradshaw's complaint in *Bradshaw v. Marshal* also makes clear that at least as of July, 2021, he had his own mask. *See Bradshaw v. Marshal*, Dkt. No. 1 at 2.[5] These facts and allegations militate against a finding that plaintiff faced a high likelihood of contracting

---

[5] The complaint in *Bradshaw v. Marshal* makes reference to plaintiff's effort to adjust his mask prior to an alleged use-of-force incident on July 12, 2021. *Id*., Dkt. No. 1 at 1-2.

COVID-19 as a result of the conditions of his confinement at the time he submitted his complaint for filing.[6]

Furthermore, the Court has no basis to plausibly infer from the allegations in the complaint that any of the unmasked officials who delivered items to, or retrieved items from, plaintiff's cell were infected with COVID-19.  Plaintiff does not allege, for example, that any of these officials tested positive for the virus at any point after he encountered them, or displayed any symptoms of the virus around the time of the alleged encounters.

In any event, even if the Court were to assume that one or more of these unmasked officials may have been infected with COVID-19 when they arrived at plaintiff's cell, the complaint identifies only one incident when a corrections official was unmasked and spoke in close proximity to plaintiff, which allegedly occurred on July 19, 2021, *i.e.*, almost one month before the complaint was submitted for filing.  *See* Compl. at 3.

The complaint is otherwise devoid of any allegations which plausibly suggest that any unmasked corrections official who visited plaintiff's cell to deliver or retrieve items between May and August, 2021, entered his cell or spoke in close proximity to him.  In addition, the complaint lacks any allegations which plausibly suggest that (1) plaintiff is required to stand in close proximity to officials delivering items to, or retrieving items from, his cell in order to access or return these items, or (2) the unmasked officials spent more than a matter of seconds delivering or retrieving items.

In light of the foregoing, the Court has no basis to plausibly infer that plaintiff faced even an increased risk of contracting COVID-19 as a result of encountering unmasked

---

[6] It is also unclear from the complaint whether or not plaintiff has received a COVID-19 vaccine.

7

officials at various points between May and August, 2021, let alone an imminent risk of serious physical injury on the date the complaint was filed. The Court would add only that this conclusion is bolstered by the fact that plaintiff filed four lawsuits between June 3 and August 11, 2021, alleging in each that he faced "imminent danger" for differing reasons, yet failed to include any allegations regarding encountering unmasked officials during this time. Accordingly, plaintiff's IFP Application is denied.

In light of plaintiff's pro se status, and even though the complaint lacks any allegations to suggest that he might be able to demonstrate that the "imminent danger" exception to Section 1915(g) is applicable to this action, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the defendants when he filed this action on August 14, 2021.[7] Plaintiff's amended complaint, which shall supersede and replace the original complaint in its entirety, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider

---

[7] Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.

as a basis for awarding relief in this action.[8]

Plaintiff is further advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court. Plaintiff's Preliminary Injunction Motion is denied without prejudice as moot in light of the conditional dismissal of his complaint for failure to comply with the filing fee requirement.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's IFP Application (Dkt. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception;

2. This action shall be **DISMISSED** unless, **within thirty (30) days** of the date of this Decision and Order, plaintiff either (i) pays the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) files an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the defendants when he commenced this action;

3. Upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review;

4. If plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court;

---

[8] In lieu of filing an amended complaint, plaintiff may pay the statutory filing fee of four hundred and two dollars ($402.00) in full in order for the Court to consider the sufficiency of the complaint in accordance with 28 U.S.C. § 1915A.

5. Plaintiff's Preliminary Injunction Motion (Dkt. No. 4) is **DENIED without prejudice**; and

6. The Clerk of the Court serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: September 27, 2021
       Utica, New York.

_____
United States District Judge